## S. A. WHITE v. H. S. FULKERSON.

In an action by a consignor against a commission merchant, to recover the proceeds of a consignment of goods, a paper purporting to be an account sales, bearing date within two years preceding the commencement of the suit, but not proved to have been executed by the defendant, or by his authority, and without explanation as to the manner in which it came into the plaintiff's possession, is not admissible in evidence to take the case out of the statute of limitations.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

This was a suit brought by Horace S. Fulkerson to the use of A. H. Lowery, on the 6th day of February, 1856, against Samuel A. White, as surviving partner of the late firm of White & Southern, to recover the sum of $292.75, with interest from the 20th of June, 1854; being the proceeds of a consignment of goods by the plaintiff to the said firm of White & Southern, as commission merchants, to be sold by them on commission.

The plaintiff alleged, that the defendant's liability for the said amount, appeared from an account rendered in June, 1854, which was set forth in the petition as follows :—

"·H. S. Fulkerson,                                           Cr.

1853.                In account with White & Southern.

| | | | | |
|---|---|---|---|---|
| March 18. | By cash for brandy, | . . . . | $111 | 00 |
| 22. | " | 250 cigars, . . . | 3 | 75 |
| 26. | " | 5 gallons cherry brandy, . | 8 | 75 |
| May 2. | " | 1 box cigars, . . . | 3 | 75 |
| 13. | " | 1000 cigars, . . . | 10 | 00 |
| 18. | " | ¼ cask wine, . . . | 51 | 00 |
| 23. | " | sundries, . . . | 82 | 00 |
| June 9. | " | 1 keg cherry brandy, . | 6 | 50 |
| " | " | 1 keg Malaga wine, . . | 6 | 00 |
| " | " | 500 cigars at $12, . . | 6 | 00 |
| " | " | 1 box claret, . . . | 4 | 00 |

                                                   $292 75

" Indianola, Texas, June 20th, 1854."

The defendant pleaded the general issue, and the statute of limitations of two years.

It was proved by the plaintiff, that White & Southern were partners, as commission merchants, in the year 1853, until the month of July in that year; that he consigned to them, for sale, a lot of liquors and cigars to be sold for his account. That Southern died in September, 1853, at which time, the consignment had not been closed. That the articles contained in the account, were sold by White & Southern; and that the remainder of the goods were turned over to Landa, their successor.

H. S. Cunningham, who had been the clerk of White & Southern, and whose depositions were read, testified that the account, (above set out,) attached to the interrogatories propounded to him by the plaintiff, was not in the hand-writing of Southern, who was the business man of the firm. The deposition and the account was offered in evidence by the plaintiff, but

to the reading of the latter, the defendant objected, for the reason that it was not signed by any person, and that there was no evidence, showing that it was a paper executed by the firm of White & Southern, or by either of the partners; the objection was overruled by the court, and the plaintiff excepted.

The court instructed the jury, that if they believed from the evidence, that this suit was commenced within two years from the time the goods were sold, and the money received, allowing a reasonable time for the plaintiff to demand his money, or a reasonable time for the firm of White & Southern to make a statement of their account, then the statute would not bar, and they should find for the plaintiff. But if they believed, that after allowing a reasonable time for the plaintiff to make a demand of the defendant, or for the defendant to render an account of the goods sold, two years had elapsed before the institution of this suit, then the statute would bar, and they should find for the defendant.

The jury returned a verdict in favor of the plaintiff for the amount of the account, and judgment was rendered accordingly. The other facts appear from the opinion. This case was previously before this court, and is reported in 22 Texas Rep. 674.

*White & Peticolas*, for the appellant.

*Glass & Phillips, Jr.*, for the appellee.

BELL, J.—We think that the court below erred in refusing the second instruction asked by the defendant in the court below. That instruction was to the effect that if the jury believed from the evidence, that the paper attached to the deposition of H. S. Cunningham, was not executed or authorized by either of the partners of the firm of White & Southern, it could not be considered as evidence in the cause.

The paper alluded to in this instruction, is the paper, a copy of which was made a part of the petition, and which purports to be an account of sales, or rather a statement of an account be-

tween the firm of White & Southern and the plaintiff in the court below. This paper showed, that all the sales of the articles consigned to White & Southern, by Fulkerson, had been made more than two years before the institution of this suit; but the paper itself bore date within two years before the institution of the suit. The question upon the plea of the statute of limitations, was the main question in the case for the determination of the jury. In this point of view, the admissibility of the writing which purported to state the account between the plaintiff and the defendants, became a question of importance.

The judge instructed the jury, in substance, that the plaintiff's demand would not be barred until a reasonable time had elapsed from the sale of the goods and the receipt of the proceeds, within which the defendants could furnish an account of sales, or the plaintiff could make demand, and two years thereafter. Under this instruction, the jury would naturally look to the date of the statement of the account by the defendants themselves, as indicating a reasonable time after the sale, for the statement of the account. There was no evidence before the jury of any demand by the plaintiff at any time before the institution of the suit. Nor was there any evidence of any statement of account by the defendants, other than that furnished by this paper, dated June 20th, 1854. It was admitted, that this paper was not in the hand-writing of either of the partners of the firm of White & Southern, nor was there any evidence to show how such a paper ever got into the possession of the plaintiff. Under these circumstances, we think it clear, that the paper ought not to have been admitted in evidence, and that it was error in the court to refuse the instruction asked by the defendant in reference to this paper. For this error, the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.